# A H M A D   K E S H A V A R Z
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

February 21, 2023

**VIA ECF**  
Magistrate Judge Peggy Kuo  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      **Re:**    Consent Motion to Amend the Complaint to Add Defendants Tafawa Lee, Tiffany Lev, Bryant Quintana, Jimmy Calle, Temple Hyman, Melissa Swigger, Blanca Garcia, and Richard Cappetta (collectively "Employee Defendants"), to Withdraw Defamation and False Light Claims, and to Add a Claim for Violation of GBL § 380-s.

      *Aranias v. SMG Automotive Holdings LLC, et al.,* **Case 1:22-cv-04510-RLM**

Dear Judge Kuo:

      The undersigned represents Eliyahu Aranias in this lawsuit regarding, *inter alia*, the fraudulent "sale" and financing of a vehicle in the name of Plaintiff, without his knowledge or consent, and the impermissible pull of his credit report. Defendants are a car dealership, its principal, and John Doe employees of the dealership, now identified as Tafawa Lee, Tiffany Lev, Bryant Quintana, Jimmy Calle, Temple Hyman, Melissa Swigger, Blanca Garcia, and Richard Cappetta (collectively "Employee Defendants") (collectively "SMG") and the putative finance company Chrysler Capital, LLC ("Chrysler").

      Under Rule 15, a party may amend its pleading once as a matter of course within 21 days of service or within 21 days of service of the responsive pleading or a Rule 12 motion, whichever is earlier. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

      Defendants have identified the John Doe Defendants as the above-listed Employee Defendants, and thus the parties have filed Dkt. No. 31, a stipulation to have Plaintiff filed his First Amended Complaint (Dkt. No. 31-01) which (1) adds the Employee Defendants as Defendants, (2) withdraws claims for defamation and false light, and (3) adds a claim against all Defendants for violation of GBL § 380-s. Additionally the parties requests Defendants have 30 days to respond to this First Amended Complaint, and a copy of the First Amended Complaint with tracked changes is also included.

      FRCP 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave." (emphasis added). Therefore, given that all parties to the action have agreed to the amendment by written consent, it appears as though leave of court is not required. Wright & Miller, Federal Practice & Procedure: Civil § 1490 (1989) ("The pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed."); *Fern v. United States*, 213 F.2d 674, 677 (9th Cir.1954) ("Once the

adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)."); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1379 (7th Cir.1990) (pleader's right to amend after consent of an adverse party is not subject to the discretion of the court); and *Bilmar Drilling, Inc. v. IFG Leasing Co.*, 795 F.2d 1194, 1199 (5th Cir.1986).

Even so, the parties do not wish to overstep their bounds and would like to defer to the Court's authority in requesting for leave to file Plaintiff's proposed First Amended Complaint [Dkt. No. 30-01].

Respectfully,

/s/
Ahmad Keshavarz

cc:   all counsel of record via ECF
      McGannon, Christian, Esq. via email Christian.McGannon@lewisbrisbois.com

Exhibits:
**Exhibit 1:** Stipulation
**Exhibit A:** First Amended Complaint
**Exhibit B:** First Amended Complaint with Track Changes