# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

May 25, 2023

**VIA ECF**  
Magistrate Judge Peggy Kuo  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      **Re:**    Motion to enforce Discovery Order [DE 39], or in the alternative to compel. ***Aranias v. SMG Automotive Holdings LLC, et al.,*** **Case 1:22-cv-04510-BMC**

Dear Judge Kuo:

    The undersigned represents Plaintiff Eliyahu Aranias in this lawsuit regarding, *inter alia*, the fraudulent "sale" and financing of a vehicle in the name of Plaintiff, without his knowledge or consent, and the impermissible pull of his credit report. Defendants SMG Automotive Holdings LLC d/b/a/ Brooklyn Chrysler Jeep Dodge Ram ("SMG" or the "Dealership"), a car dealership, the owner and manager of SMG, Zachary Schwebel, the putative finance company Chrysler Capital, LLC ("Chrysler"), and the eight current and former employees of SMG who participated in various aspects of the fraudulent sale, Tiffany Lev, Tafawa Lee, Bryant Quintana, Jimmy Calle, Temple Hyman, Melissa Swigger, Blanca Garcia, and Richard Cappetta (collectively the "Employee Defendants.") Opposing counsel represents all Defendants except for Tiffany Lev. [1]

**Plaintiff's Position.**

    Plaintiff propounded his First Set of Discovery Requests on February 1, 2023. **Exhibit A** (First Discovery). On March 14, 2023, the Court "so ordered" a discovery stipulation between Plaintiff and Defendants SMG and Chrysler (the "Discovery Order", [DE 39]). Pursuant to the Discovery Order Plaintiff extended *nunc pro tunc* the deadline for SMG and Chrysler to answer Plaintiff's First Set of Discovery Demands from March 1 to April 7. In exchange the discovery responses of SMG and Chrysler were to be "full and complete." SMG and Chrysler ignored the deadline. After multiple demands for compliance with the Discovery Order (i.e. **Exhibit B**), the discovery responses continue to be seriously deficient. Therefore Plaintiff moves against Defendants SMG and Chrysler for failing to comply with the Discovery Order to provide "full and complete" answers and documents, and in the alternative to move to compel against SMG and Chrysler; and also move to compel discovery answers against the Employee Defendants (except Tiffany Lev).

    Defendants have simply not answered interrogatories 3, 9, 10, 11, 12, or requests for production 19, 20, 21, 22, 23, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 42. **Exhibit C** (Defendants'

---

[1] The address provided by Defendants for Tiffany Lev is not correct (or no longer correct). Plaintiff has attempted service at a second address, which was also not correct, and now has a process server attempting service at a third address.

1

Responses). Instead they rely on boilerplate objections. Answers are far narrower than the request in request for production 23, 24, 26, 27, 28, and 34.  Defendants reference documents that have not been produced in response to request for production 26 and 27, and interrogatory 8. Plaintiff seeks an order overruling objections as to all of those requests and compelling "full and complete" answers and documents to each of those requests by each and every Defendant, verified separately by each and every Defendant. In the alternative to a blanket order, Plaintiff seeks an order overruling objections and ordering "full and complete" answers and documents by May 31, 2023:

1. <u>Destroyed documents</u>. Defendants simply ignore interrogatory 11 about identifying the loss or destruction of documents responsive to discovery demands, and explain in detail the circumstances of the same.  This is especially important as the response to request for admission 12 – 14 seems to indicate there were audio or video recordings at some point but they were destroyed,[2] despite the litigation hold order. [DE 28, p. 3 ¶ 3]

2. <u>Answers by all Defendants</u>. The interrogatories are verified only be SMG, not by Schwebel, the Employee Defendants, or by Chrysler.  Moreover, opposing counsel indicated during their April 24 meet and confer that responses stating "Defendant" or "Defendants" meant a response only by SMG.  None of the Employee Defendants answered.

3. <u>Chrysler pointedly does not answer</u>. A number discovery responses specifically add that the "the Dealership [*i.e.* SMG] responds," pointedly omitting a response by Chrysler. For example, Chrysler did not answer interrogatory 7 (policies and procedures to prevent identity theft) or 8 (investigate identity theft).  As to RFP # 9, 11, 12, 14, 18 and Interrogatories 7, 8, Chrysler discloses no policies and procedures for Chrysler to prevent identity theft or prevent impermissible credit pulls. Either Chrysler should be ordered to produce or be precluded from asserting it has any such policies.

4. <u>Evidence of pattern and practice, notice</u>. Defendants refuse to answer discovery demands as to their pattern and practice of supplying false credit application information, using unauthorized signatures, engaging in identity theft or unauthorized credit pulls, or other fraudulent conduct in the sales and financing of vehicles. Interrog. 9, RFP 29, 30, 31, 33. Similarly Defendants have refused to produce employment records or disciplinary records (RFP 26) or hiring or supervision (RFP 27) for any of the Employee Defendants involved in the fraudulent transaction.  It is especially important for prior complaints and hiring and supervision that responsive answers be provided by the Employee Defendants. It is common for car dealership employees to work for many different dealerships over a period of years, and if those individual Employee Defendants have had complaints against them at other dealerships, that could suggest a pattern of conduct that Defendants had knowledge of.  Your Honor recently

---

[2] <u>Requests for Admission</u>:
12. At one point you had a video and audio recording of the sale of the Vehicle.
**Response**: Object, in that this request is vague and ambiguous with respect to "sale" of  Vehicle.
13. You destroyed or deleted video and audio recording of the sale of the Vehicle.
**Response**: Object to this Request, in that this Request is vague and ambiguous with respect to "sale" of vehicle.
14. You destroyed or deleted all video recordings in your possession, custody, or control, including by video surveillance camera, made at Brooklyn Chrysler Jeep Dodge Ram on February 21, 2021.
**Response**: Deny, except admit that any video recordings made at the Dealership on February 21, 2021 would automatically delete after a period of time.

2

ordered substantial pattern and practice evidence for complaints made against a debt collector. *Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 4 (E.D.N.Y. 2022)(affirming magistrate ruling). The degree to which a Defendant's misconduct may affect the public at large is a factor in the N.Y. Pattern Jury Charge for a jury to consider in deciding the amount of punitive damages to award.

5. Responses to Interrogatories 8 and 9 are non-responsive because the answers only relate to Mr. Aranias while the requests are broader, and is to both the dealership and Chrysler. The requests seek relevant information as to the issue of notice.

6. Ignored questions. Defendants simply have not answered Interrog. 3 (identifying who provided information for discovery answers) or RFP 20 (documents relied on in answering discovery).

7. Documents identified but not produced. In Rog. 8 Defendants disclose an "internal investigation" as to the theft of Mr. Aranias' identity but has not produced documents reflecting that investigation. Account notes produced by Chrysler (CCAP 028-032) reflects emails (3/19/21, 4/13/21, 4/15/21, 7/2/21, 6/29/21, 5/13/21), documents (4/28/21 "ID Theft document"; 3/21/2 "mail"; 3/19/21 "statement mailed"), calls where the notes affirmatively state were recorded (calls on (3/15/21, 3/19/21, 4/9/21), and calls where the notes are silent on if they were recorded (call on 5/12/21). Defendants state they will produce certain documents (*e.g.* Dealertrack contracts and "red flag procedures") but have failed to do so.

8. Finances. Defendants have refused to answer discovery regarding assets and income. RFPs # 21, 22. This information is an explicit element under the N.Y. Pattern Jury Charge for a jury to consider in deciding on the amount of punitive damages. Punitive damages are sought for an impermissible credit pull that is willful and for gross negligence.

9. Contracts. Defendants have failed to produce any documents responsive to RFP #3, which seeks "Any contracts or other agreement among the Defendants in place from January 1, 2019 to present, including any documents referenced or incorporated by reference into the contract of agreement." These would include but not be limited to agreements between the Dealership and Chrysler Capital LLC or its affiliates or parent companies such as Santander Consumer USA or Santander, N.A.

10. Defendants have multiple responses that just say "see documents." Defendants need to identify which documents by bate-stamp number. This is most important to answer each subpart separately, e.g., request for production 1, 2, 4 have specifically itemized subsection. Each subsection must be answered separately because while there is a general response "see document production" there seem to be no responsive documents to most of the subitems listed.

11. Defendants make nonsensical boilerplate objections which are by necessity not "full and complete," and which should be overruled. Objections that the request "seeks production of confidential, business proprietary, trade secret, or other non-public information" is immaterial given the ability to designate those items as confidential pursuant to the agreed protective order. That is the reason for a protective order. Vague objections to just about every request for production or interrogatory that the request is "vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action" are boilerplate and should be waived. All of these and other boilerplate objections should be struck.

12. Defendants have deemed admitted all requests for admission because of failure to timely answer. Defendants have objected that they do not understand basic English words for multiple requests for admission, which also results in deemed admission.

13. Defendants make objections to requests for admission because they go to "ultimate" issues, an objection that is impermissible. Likewise Defendants make objections that requests are for mixed law and fact, which are allowed, and, in any event, are clearly request for admission just for facts.  These also lead to deemed admissions

Sincerely,

/s/
Ahmad Keshavarz

## CERTIFICATE OF CONFERENCE

I have attempted to resolve these matters without Court involvement, both in writing and on the telephone, but those efforts have proven unsuccessful. I have also attempted to comply with Your Honor's Individual Rules requiring a joint letter on discovery disputes, but despite providing Defendants multiple opportunities to provide their position (on May 11, 2023 with a deadline of May 15, on May 16 with a deadline of May 19, and on May 19 with a deadline of May 22, 2023), Defendants have failed to do so.

Plaintiff propounded his First Set of Discovery Requests on February 1, 2023. **Exhibit A** (First Discovery). On March 14, 2023, the Court "so ordered" a discovery stipulation between Plaintiff and Defendants SMG and Chrysler (the "Discovery Order", [DE 39]).  Pursuant to the Discovery Order Plaintiff extended *nunc pro tunc* the deadline for SMG and Chrysler to answer Plaintiff's First Set of Discovery Demands from March 1 to April 7.  In exchange the discovery responses of SMG and Chrysler were to be "full and complete." Defendants did not provide answers to these requests until April 18, 2023. Plaintiff promptly provided Defendants with notice that these responses were not complete by email on April 19, 2023, and followed this up with a detailed itemization of the deficiencies by email on April 20, 2023. **Exhibit B** (Letter on Deficiencies). The parties conferred by phone for over an hour on April 24, 2023. Because the deficiencies could not be resolved, Plaintiff now makes this application.

Sincerely,
/s/
Ahmad Keshavarz