# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

April 20, 2023

Scott Mandel  
Attorney for Defendants (other than Tiffany Lev)  
smandel@labontelawgroup.com

      **Re:**    Notice of violation of Discovery Order [DE 39].

          *Aranias v. SMG Automotive Holdings LLC, et al.,* **Case 1:22-cv-04510-BMC**

Dear Mr. Mandel:

    As you know, on March 14, 2023 the Court "so ordered" our discovery stipulation (the "Discovery Order"). Per the terms of the Discovery Order you were ordered to "serve full and complete answers to discovery and document production." On April 18, 2023 you late-served discovery responses. The responses are almost entirely non-responsive and in clear violation of the Discovery Order that your responses and document production are to be "full and complete."

    Therefore, this serves as notice that you are in violation of the Discovery Order and demand that you cure prior to our call at 2:00 PM on Monday, April 24, 2023. Without limitation your answers are in violation of the Discovery Order as follows.

1. Verification. The interrogatories are verified only by SMG. They are not verified by any of the individual defendants or Chrysler.

2. You simply have not answered interrogatories 3, 9, 10, 11, 12; request for production 19, 20, 21, 22, 23, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 42.

3. Answers are far narrower than the request in request for production 23, 24, 26, 27, 28, 34,

4. You reference documents that have not been produced in response to request for production 26, 27 and interrogatory 8.

5. You simply ignore interrogatory 11 about explaining the loss of any responsive document. This is especially important as your response to request for admission 12 – 14 seems to indicate were audio or video recordings at some point but were destroyed, despite the litigation hold order.[1]

---

[1]

12. At one point you had a video and audio recording of the sale of the Vehicle.  
**Response**: Object, in that this request is vague and ambiguous with respect to "sale" of Vehicle.  
13. You destroyed or deleted video and audio recording of the sale of the Vehicle.  
**Response**: Object to this Request, in that this Request is vague and ambiguous with respect to "sale" of vehicle.  
14. You destroyed or deleted all video recordings in your possession, custody, or control, including by video surveillance camera, made at Brooklyn Chrysler Jeep Dodge Ram on

6. You make objections to attorney-client privilege but do not provide a privilege log as required by local rule.

7. A number of your discovery responses make a response for SMG, but do not respond by Chrysler. Each defendant must produce responsive answers and production. For example, Chrysler did not answer interrogatory 7 (policies and procedures to prevent identity theft) or 8 (investigate identity theft).

8. As to RFP # 9, 11, 12, 14, 18 you disclose no policies and procedures for Chrysler to prevent identity theft or prevent impermissible credit pulls. Chrysler will therefore be precluded from asserting it has any.

9. Interrogatory 8, 9 is non-responsive because it only relates to Mr. Aranias while the request is broader, and is to both the dealership and Chrysler. The request is proper because it goes, *inter alia*, to the issue of notice.

10. You simply ignore interrogatory 10 about identifying third parties who may be in possession of responsive documents.

11. You simply have not answered interrogatories 4 (persons who provided information for discovery answers),

12. There are multiple responses that just say "see documents." You need to identify which documents by bate-stamp number. This is most important to answer each subpart separately, e.g., request for production 1, 2, 4 has specifically itemized subsection. Each subsection must be answered separately because while there is a general response "see document production" there seem to be no responsive documents to most of the subitems listed.

13. Also your responses make nonsensical boilerplate objections which are by necessity not "full and complete"  Objections that the request "seeks production of confidential, business proprietary, trade secret, or other non-public information" is immaterial given the ability to designate those items as confidential pursuant to the agreed protective order. That is the reason for a protective order. Vague objections to just about every request for production or interrogatory that the request is "vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action" are boilperlate and waived. All of these and other boilperlate objections must be withdrawn.

14. You have deemed admitted all requests for admission because of failure to timely answer.

15. You have objected that you do not understand basic English words for multiple requests for admission.

---

February 21, 2021.
**Response**: Deny, except admit that any video recordings made at the Dealership on
February 21, 2021 would automatically delete after a period of time.

16. Objections to requests for admission because they go to "ultimate" issues or mixed law and fact are impermissible.

17. The "confidentiality" stamps across the entire document block the text underneath when printed, and make the documents otherwise difficult to use. If you believe the items should be confidential then produce with a confidentiality designation at the footer so that it does not obscure the document itself.

Please correct these deficiencies prior to our call at 2:00 PM on Monday or I will move to enforce.

Sincerely,

/s/
Ahmad Keshavarz