UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIYAHU ARANIAS

                              Plaintiff,

                                                         **RESPONSE TO PLAINTIFF'S
                                                         INTERROGATORIES, REQUESTS
                                                         FOR PRODUCTION, AND
                                                         <u>REQUESTS FOR ADMISSIONS</u>**

        -against-
                                                         1:22-CV-04510-BMC-PK

SMG AUTOMOTIVE HOLDINGS LLC d/b/a
BROOKYLN CHRYLSER JEEPNDODGE RAM,
ZACHARY SCHWEBEL,
CHRYSLER CAPITAL LLC, and
JOHN DOES 1-6,

                              Defendants.
-----------------------------------------------------------------X

        **TAKE NOTICE** that Defendants SMG AUTOMOTIVE HOLDINGS LLC d/b/a

BROOKYLN CHRYSLER JEEP DODGE RAM, ZACHARY SCHWEBEL, TAFAWA LEE,

BRYANT QUINTANA, JIMMY CALLE, TEMPLE HYMAN, MELISSA SWIGGER, BLANCA

GARCIA, RICHARD CAPETTA, and CHRYSLER CAPITAL LLC, by their attorneys, LaBonte

Law Group, PLLC by Scott H. Mandel, Esq., sets forth its responses to plaintiff's Demand for

Interrogatories and Request for Production, upon information and belief, as follows:

                              **<u>GENERAL RESPONSES</u>**

        Defendants' investigation and development of all facts and circumstances relating to this

action is ongoing. These responses and objections are made without prejudice to, and are not a

waiver of, Defendants' right to rely on other facts or documents at trial.

        By making the accompanying responses and these objections to Plaintiff's requests,

Defendants do not waive, and hereby expressly reserve, their right to assert and all objections as

to the admissibility of such responses into evidence in this action, or in any other proceedings, on

any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendants make the responses and objections herein without in any way implying that they consider the requests or responses thereto to be relevant or material to the subject matter of this action.

Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## **GENERAL OBJECTIONS**

1.      Defendant objects to Plaintiff's definition of "You" as overbroad, as it includes Tiffany Lev ("Lev"), who is not represented herein.

2.      Defendant objects to Plaintiff's requests because and to the extent that they seek information and/or documents protected from disclosure under the attorney-client privilege and/or work-product doctrine. Should any such disclosure by Defendants occur, it is inadvertent and shall not constitute a waiver of any privilege.

3.      Defendant objects to Plaintiff's requests because and to the extent that they seek information and/or documents that are confidential or private.

4.      Defendant objects to Plaintiff's requests because and to the extent that they seek information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to Plaintiff's requests because and to the extent that they are overbroad or unduly burdensome and oppressive.

6.      Defendant objects to Plaintiff's requests because and to the extent that terms or phrases contained therein are vague, ambiguous or undefined.

7.     Defendant objects to Plaintiff's requests because and to the extent that they fail to identify the information, documents, or category of documents that are sought with reasonable particularity.

8.     Defendant objects to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Plaintiffs from Plaintiff's own files or documents. Responding to such request would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiff as for Defendants.

9.     These General Objections are continuing and are incorporated by reference in each and every response set forth below.

10.     By providing the information below, Defendants do not in any way waive or intend to waive, but rather intend to preserve and are preserving: (a) all objections to competency, relevance, materially and admissibility of the responses, or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or unduly burdensome; (c) all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other actions; and (d) all rights to object on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of the request.

11.     Defendants' responses are based upon information and documents presently known to Defendants, and Defendants reserve the right to present at trial additional information discovered subsequently.

## INTERROGATORIES

**INTERROGATORY NO. 1:** " Identify" all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

>**RESPONSE:** Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome, in that it seeks identification of "all" persons with "knowledge" of "relevant facts," which is impossible to determine. Without waiving these objections, Defendants respond by referring Plaintiff to the Initial Disclosures.

**INTERROGATORY NO. 2:** "Identify" the name and address of every witness you expect to call at the trial of this case.

>**RESPONSE:** Defendants object to this interrogatory as premature, as discovery is still ongoing and Defendants have not identified every witness expected to be called at trial.

**INTERROGATORY NO. 3:** "Identify" all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

>**RESPONSE:** Defendant objects to this interrogatory as overbroad, vague, ambiguous, and unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects to this interrogatory to the extent it requests information protected by attorney-client privilege and attorney work-product.

**INTERROGATORY NO. 4:** "Identify" the existence, custodian, location and general description of relevant documents, including pertinent insurance.

>**RESPONSE:** Defendant objects to this interrogatory as overbroad, vague, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Without waiving these objections, Defendants respond that documents were located at the dealership and with CCAP.

**INTERROGATORY NO. 5:** Identify the name and address of every witness you expect to call at the trial of this case and summarize the testimony you expect each such witness to give. Identify persons having knowledge of relevant facts and give a statement of each identified person's connection with the case and what relevant facts you contend they have.

>**RESPONSE:** Defendants object to this interrogatory as premature, as discovery is still ongoing and Defendants have not identified every witness expected to be called at trial.

**INTERROGATORY NO. 6:** "Identify" the John Doe Defendants and any other person who communicated with Latisha Kermon regarding Plaintiff and the Vehicle.

> **RESPONSE:** Defendant objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome, as it requests information identifying John Doe defendants, which has already been produced (with the John Doe defendants named), and further requests information regarding "any other person" who communicated with Kermon "regarding" the Plaintiff or Vehicle, which Defendants cannot answer, except, without waiving any objections, upon information and belief Tiffany Lev communicated with Latisha Kermon regarding the Vehicle.

**INTERROGATORY NO. 7:** "Identify" the policies and procedures you have to prevent identity theft, including but not limited to requirements for credit pulls, finance applications, and sales.

> **RESPONSE:** Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects to this interrogatory to the extent it requests information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information. Without waiving these objections, Dealership responds that it follows all Red Flag requirements, uses Dealertrak, and maintains an employee handbook.

**INTERROGATORY NO. 8:** "Identify" the steps you took to investigate the identity theft and measures taken to prevent further identity theft, including but not limited to the termination of employees or the changing of policies and procedures.

> **RESPONSE:** Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Without waiving these objections, Defendants respond that the Dealership conducted an internal investigation, including interviews with Tiffany Lev, and that Tiffany Lev was thereafter terminated.

**INTERROGATORY NO. 9:** "Identify" the complaints regarding the sale or financing of vehicles at the Dealership or with Chrysler from January 1, 2010 to present.
   a. This includes claims of misrepresentation as to the terms of sales or financing, false credit application information, unauthorized signatures, identity theft or unauthorized credit pulls.
   b. This includes "identifying" the persons at the dealership allegedly involved "identifying" the consumer and summarizing the allegations.
   c. If the complaint was made through a governmental agency or via lawsuit, identify the agency and caption of the matter.

**RESPONSE:** Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action.

**INTERROGATORY NO. 10:** "Identify" any third parties who may be in possession of documents relevant or arguably relevant to the claims and defenses in this case, as well as an itemization of what the documents may be.

**RESPONSE:** Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action, in that Defendant's cannot speculate as to third parties who may have documents relevant or "arguably" relevant to claims and defenses. Defendants further object to this interrogatory to the extent such information is equally available to Plaintiff.

**INTERROGATORY NO. 11:** For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located. This includes text messages.

**RESPONSE:** Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action.

**INTERROGATORY NO. 12:** Identify the phone number and phone carrier from January 1, 2021, to present for the Dealership, SCHWEBEL, the John Doe Defendants, or any person involved in the sale or financing of the vehicle, or the allegations in the complaint.

**RESPONSE:** Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Without waiving these objections, Defendants respond that the Dealership has a voice-over IP service with a number:  (718) 713-3000.

## RESPONSE TO PRODUCTION REQUESTS

**Please produce the following documents in both a pdf form an in their native electronically stored information ("ESI") format:**

1. **The documents within your possession, custody, or control concerning:**
   a. **Plaintiff,**
   b. **His claims brought by the way of this suit**
   c. **His consumer reports,**

> **d.** His credit worthiness,
> **e.** The Vehicle,
> **f.** The sale and attempted financing of the Vehicle in the name of Plaintiff
> **g.** The sale and attempted financing of any vehicle for Latisha Kermon,
> **h.** Agreements with a Prospective Finance Company that would govern financing of the Vehicle;
> **i.** Agreements regarding accessing a customer's credit report (such as with Credit Bureau Connection or DealerTrack)

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information. Without waiving these objections, Defendants refer Plaintiff to the document production, and further states that it will produce other agreements with finance companies related to the transaction and any DealerTrak agreement.

**2.** Screenshots of any dealership management software (i.e., DealerTrack) regarding Plaintiff, his consumer reports, the Vehicle, and Latisha Kermon, including but not limited to the Deal Jacket History showing who pulled Mr. Aranias' credit reports and who submitted finance applications in his name.

**RESPONSE:**

Defendants refer Plaintiff to the document production.

**3.** Any contracts or other agreement among the Defendants in place from January 1, 2019, to present, including any documents referenced or incorporated by reference into the contract of agreement.

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand requests "any" contracts or other agreements, regardless of whether they have any bearing on the Vehicle or transaction at issue. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information. Without waiving these objections, Defendants will produce the agreement between Dealership and CCAP (Dealership Agreement).

4.      **All Documents- in any form- showing the communication of any person or entity regarding Plaintiff, the Vehicle, and any of Plaintiff's consumer reports, including, but not limited to:**
    a.  **Among Defendants; or between Defendants and**

        i.  **Plaintiff**
        ii.  **Latisha Kermon**
        iii.  **any Prospective Finance Company**
        iv.  **any intermediary (including DealerTrack) between Defendants and Prospective Finance Companies**
        v.  **any person**

    b.  **Without limiting this demand for Documents, this includes**
        i.  **Data transfers**
        ii.  **Texts**
        iii.  **WhatsApp calling history or message history.**
        iv.  **Voicemail messages**
        v.  **Emails**
        vi.  **Faxes**
        vii.  **Written documents**
        viii.  **Credit report requests and responses**
        ix.  **Applications for credit and responses**
        x.  **Representations as to credit worthiness**
        xi.  **Credit applications and supporting documents.**
        xii.  **Draft or final contracts or agreements**
        xiii.  **Messages through dealership management software (i.e., DealerTrack)**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand requests "all" documents showing communication between "any" person or entity regarding Plaintiff, regardless of whether defendants were involved in the communication or whether it involved the Vehicle or transaction. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information.

Without waiving these objections, Defendants refers Plaintiff to the document production.

5.      **The documents you reference in your initial disclosures.**

**RESPONSE:** Defendants refer Plaintiff to the document production.

6.     **All documents regarding or relating to Latisha Kermon, including but not limited to any forms filled out by her either in her own name or in the name of Plaintiff.**

     **RESPONSE:**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demands requests "all" documents "regarding or relating" to Latisha Kermon, without regarding to the time frame, the Vehicle, or the transaction at issue. Defendants further object to this demand to the extent that it requests documents filled out by Kermon in Plaintiff's name. Without waiving these objections, Defendants refer to the document production for any documents naming Latisha Kermon with respect to the Vehicle or transaction.

7.     **All contracts in place from January 1, 2019, that require the Dealership to record some or all of the sales and financing transactions of the dealership.**

     **RESPONSE:**

     Defendants are not aware of any contracts that require the Dealership to make such recordings.

8.     **The documents used in establishing the credit score or credit worthiness of Plaintiff from May 1, 2020, to present.**

     **RESPONSE:**

     Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, it is unclear what "documents" are used in "establishing" Plaintiff's credit score or credit worthiness. Without waiving these objections, Defendants refer to the credit application in the document production.

9.     **The documents reflecting the policies and procedures you have to prevent identity theft.**

     **RESPONSE:**

     Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public

information. Without waiving these objections, Defendants refer to the dealership's Employee Handbook.

10.     **The insurance policies that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.**
          **RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Without waiving these objections, Defendants refer to the Dealership's policy already produced as part of its Initial Disclosures.

11.     **The correspondence regarding the policies and procedures you have regarding "permissible purpose" for using consumer reports.**

          **RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand seeks correspondence, without any time limitation, regarding undefined "policies and procedures" regarding an undefined "permissible purpose" for using consumer reports. Without waiving these objections, Defendants refer to the Dealership's Employee Handbook.

12.     **The documents reflecting the policies and procedures you have regarding "permissible purpose" for using consumer reports.**

          **RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand seeks correspondence, without any time limitation, regarding undefined "policies and procedures" regarding an undefined "permissible purpose" for using consumer reports. Without waiving these objections, Defendants refer to the Dealership's Employee Handbook.

13.     **The documents reflecting the policies and procedures you adopted due to the COVID-19 pandemic.**

          **RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or

defense of this action, in that it calls for policies and procedures without regard to the vehicle sale. For example, the demand acts for an undefined "policies and procedures" adopted "due" to COVID-19 pandemic. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information. Without waiving these objections, Defendants refer to the local, state, and federal guidance provided during the pandemic.

14.     **The documents reflecting the policies and procedures you have regarding employment of anyone pulling credit reports or making finance applications.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example the demand asks for undefined "policies and procedures" regarding "employment" of anyone pulling credit reports or making finance applications. Without waiving these objections, Defendants refer to the Dealership's Employee Handbook.

15.     **The documents-in any form- showing the communication of any person or entity regarding Plaintiff, the Vehicle, and any of Plaintiff's consumer reports.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand is for documents, showing communications of "any person or entity" regardless of whether they are named defendants, regardless of time frame, and regardless of whether such documents have anything to do with the vehicle or transaction. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information. Without waiving these objections, Defendants refer Plaintiff to the document production.

16.     **Video recordings concerning Plaintiff, the Vehicle, and any of Plaintiff's consumer reports.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, this demand is not limited by recordings in the custody and

control of Defendants, nor is it limited by time frame or to the Vehicle or transaction in question. Without waiving these objections, Defendants respond that they are not aware of any such videos.
.

17.     **Phone call recordings concerning Plaintiff, the Vehicle, and any of Plaintiff's consumer reports, and phone records regarding any calls made in connection with these allegations on this lawsuit.**

   **RESPONSE:**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand is not limited to recordings within defendants' custody and control, nor is it limited by time or by the Vehicle or transaction in question. Defendants further object because the demand refers to unidentified "phone records" regarding any calls made. Without waiving these objections, Defendants respond that are not aware of any phone call recordings, and that any documents in defendants' custody and control relating to phone calls made in connection with the Vehicle are contained in the document production.

18.     **The documents reflecting the trainings given to and supervision of your employees on the prevention of identity theft.**

   **RESPONSE:**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information. Without waiving these objections Dealership refers to its Employee Handbook with respect to confidentiality of information.

19.     **The documents reflecting the trainings given to your employees on the permissible purpose of consumer reports.**

   **RESPONSE:**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand requests documents for "trainings" given to employees on the undefined "permissible purpose" of consumer reports.

**20.**   **The documents upon which you relied or referred in answering these discovery requests or in filing your answer.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous. overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information.

**21.**   **This suit seeks exemplary and punitive damages. One factor to be considered in the award of such damages is the net assets of the Defendant. Therefore, please produce federal and state tax returns from January 1, 2019, to present, and supporting documents.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand for financial disclosure is premature until liability is established. Defendants further object in that punitive damages have not been properly alleged and are not available to individually named defendants or CCAP. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information.
.

**22.**   **Produce documents related to the amount reported for sales tax to the DMV for the last 4 years, including the number of vehicles sold, the amount received for the sales of those vehicles.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the demand for financial disclosure is premature until liability is established. Defendants further object in that punitive damages have not been properly alleged and are not available to individually named defendants or CCAP. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product

doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information:

23.     **If any of the documents produced use abbreviations or codes, please provide documents sufficient to show the meaning of said abbreviations or codes.**

   **RESPONSE:**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, there is no indication of what "codes" Plaintiff is referring to, or what documents might possess such codes. To the extent Plaintiff wishes to explore any alleged codes, depositions would be the more appropriate discovery vehicle.

24.     **All agreements, including but not limited to those between Defendants and any dealer management software vendor (i.e., DealerTrack), governing the sale and financing of the Vehicle.**

   **RESPONSE:**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, it is unclear what "agreements" would be "governing" the sale and financing of the Vehicle. Without waiving these objections, Defendants refer to the document production and will produce the Dealer Agreement with Dealertrak.

25.     **Documents sufficient to identify John Does #1-6.**

   **RESPONSE:**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Without waiving these objections, Defendants state that John Does have already been identified.
   .

26.     **The employment records for John Does # 1-6, including but not limited to employment agreements and disciplinary records.**

   **RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the list of now identified John Does include individuals who have no knowledge of the transaction and never interacted with Plaintiffs or otherwise participated in the details of the transaction or Vehicle sale (but were simply named because a signature appears, for example, on routine DMV dealership documents). Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Without waiving these objections, Defendants will produce the employment records and any existing disciplinary information for Tiffany Lev.

27. **Documents sufficient to show the hiring and supervision of John Does #1-6 by Defendant Zachary Schwebel, including but not limited to emails, employment applications, and internal memorandum.**

   **<u>RESPONSE:</u>**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, Defendants simply cannot respond to a demand for documents "sufficient" to "show" "hiring and supervision" of the now-named John Does by "Zachary Schwebel." It is entirely unclear what documents Plaintiff is seeking. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Without waiving these objections, Defendants will produce the employment records and any existing disciplinary information for Tiffany Lev.

28. **All documents showing compliance or lack thereof with the process and procedures in the documents responsive to Request for Production of Documents#10-12.**

   **<u>RESPONSE:</u>**

   Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the request calls for "all" documents somehow "showing" an undefined "compliance" or the negative "lack thereof" with the also undefined "process and procedures" allegedly responsive to earlier requests. Defendants further object as this Request calls for legal conclusions or analysis. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine.

29. **Documents sufficient to demonstrate the number of times, from January 1, 2011, to present, you requested a consumer report without a permissible purpose.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, this calls for documents somehow "sufficient to demonstrate" the "number of times" defendants "requested" reports "without a permissible purpose" which is also undefined. Defendants further object as this Request calls for legal conclusions or analysis. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine.

30.     **Documents sufficient to demonstrate the number of times, from January 1, 2011, to present, you sold a vehicle to a consumer without the consumer being present at the dealership.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, this Request call for unspecified documents somehow "sufficient to demonstrate" the "number of times" vehicles were sold without a consumer being present. Defendants further object to the extent this demand calls for legal conclusions or analysis. Defendants further object because vehicles being sold without a consumer's presence at the Dealership is unrelated to Plaintiffs claims (for example, those certain sales conducted during the COVID pandemic). Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine

31.     **Documents reflecting any complaints against Defendants or employees or agents of Defendants regarding the sale or financing (or putative sale or financing) of any vehicle from January 1, 2010, to present. This includes, inter alia, allegations of misrepresentation as to the terms of sales or financing, false credit application information, unauthorized signatures, identity theft or unauthorized credit pulls. This includes complaints made to Defendants or their agents, or through a governmental agency via lawsuit.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action.

**32.**     **The documents upon which your interrogatory answers are based.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendants further object to this Request as it calls for legal conclusions or analysis.  Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine

**33.**     **This includes, *inter alia*, allegations that a vehicle was sold, leased, or financed, or that a credit report was pulled, or credit application submitted, without the consent of the putative consumer. This includes all claims of identity theft, forgery, or alteration of documents.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, this demand does not refer to specific documents. Nor do alleged "allegations" from other consumers bear on the issues in this case.

**34.**     **If an application for insurance coverage was made, please provide the application and response from the carrier, if any. Please also provide the insurance policy and declaration sheet, even if coverage was denied.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Without waiving these objections, Defendants refer to the insurance policy provided with the Initial Disclosures.

**35.**     **The documents upon which you base your affirmative defenses.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or

defense of this action. Defendants further object to this Request as it calls for legal conclusions and analysis. For example, this Request asks for the documents on which Plaintiffs "base" their affirmative defenses. Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendants further object to this Request as discovery is ongoing and not yet complete.

**36.     The written document describing any policy, procedure, practice, or training which you anticipate will be the subject of testimony at trial.**

        **RESPONSE:** Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects in that this Request is premature, in that discovery is still ongoing. Defendant further objects in that this Request calls for legal analysis or conclusions, or to the extent such Request is protected by the attorney-client privilege or work product doctrine.

**37.     The documents reflecting business structure of the Dealership from January 1, 2019 to present, and any changes in that structure including but not limited to changes in management and ownership.**

        **RESPONSE:**

        Defendant objects to this request for production as vague, ambiguous. overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects Defendant further objects to this Request to the extent this information is protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information.

**38.     38. Without limiting Request for Production 1, please produce, for the time period of January 1, 2019, to present:**
        **a.  Schedule K-1 tax forms reflecting the members and percentage of ownership of each member of the Dealership.**
        **b.  Documents reflecting the sale, change of members or partners, or change in management of the Dealership.**
        **c.  The members, managing member, and corporate officers of the Dealership.**

        **RESPONSE:**

        Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or

defense of this action. Defendant further objects to this Request to the extent it seeks production of confidential, business proprietary, trade secret, or other non-public information.

**39.     The transcript of any deposition of Defendants and current or former employees of the Dealership from a prior action related to allegations misconduct in the sale or financing of vehicles from January 1, 2010, to present.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendant further objects to this Request as any cases involving such materials are equally available to Plaintiffs.
.

**40.     The documents received in response to any third-party subpoena.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, this demand is not limited to materials requested in this Action (or indeed, is not limited at all in terms of dates or relevance). Without waiving these objections, Defendants will comply with the FRCP with respect to any materials received through third-party subpoenas in this Action.

**41.     The transcript of any deposition taken in this lawsuit any party or third party.**

**RESPONSE:**

Defendant objects to this Request as it is premature, since no EBT's have yet been taken in this Action. Defendants will comply with the FRCP with respect to providing deposition transactions for EBT's taken in this Action.

**42.     Documents sufficient to show the information requested from Defendants during their depositions, including but not limited to each call for production of documents made on the record.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. Defendants further object to this Request in that it calls for legal conclusions or analysis. For example, it calls for documents "sufficient' to show "information requested" from Defendants. Defendants further object that this Request is premature, in that EBTs have not yet been taken. Without waiving these objections, Defendants will comply with the FRCP regarding any post-EBT demands.

**43.     Provide telephone records for all calls made or received, or texts sent or received, related to the allegations in the complaint, or the sales and financing of the vehicle.**

**RESPONSE:**

Defendant objects to this request for production as vague, ambiguous. overbroad, unduly burdensome, and seeks information that is neither material nor necessary to the prosecution or defense of this action. For example, the Request seeks undefined "telephone records" "related" to the allegations in the Complaint, or about the "sales and financing" of the "Vehicle." Without waiving these objections, Defendants refer to the document production for text exchanges and notes of phone calls.

## REQUESTS FOR ADMISSION

1.  You pulled Plaintiff's Experian credit report without his authorization.

    **Response**: Object to this Request as palpably improper, in that this Request goes to the heart of the issues to be decided in this Action.

2.  You pulled Plaintiff's TransUnion credit report without his authorization.

    **Response**: Deny.

3.  You pulled Plaintiff's Experian credit report without his signature.

    **Response**: Object to this Request as palpably improper, in that this Request goes to the heart of the issues to be decided in this Action.

4.  You pulled Plaintiff's TransUnion credit report without his signature.

    **Response**: Deny.

5.  You pulled Plaintiff's Experian credit report without photo identification of Plaintiff.

    **Response**: Deny.

6.  You pulled Plaintiff's TransUnion credit report without photo identification of Plaintiff.

    **Response**: Deny.

7.  Defendant Zachary Schwebel is the sole member of SMG Automotive Holdings LLC.

    **Response**: Admit.

8.  Defendant Zachary Schwebel is the sole corporate officer of SMG Automotive Holdings LLC.

    **Response**: Deny, as SMG is not a corporation.

9.  One or more of the Prospective Finance Companies requires you to make a video and audio recording of your sale of vehicles to customers.

    **Response**: Deny.

10. Your contract with one or more of the Prospective Finance Companies requires you to make a video and audio recording of your sale to vehicles to customers.

    **Response**:  Deny.

11. Chrysler Capital LLC requires SMG Automotive Holdings LLC to make a video and audio recording of sales of vehicles to customers.

    **Response**:  Deny.

12.  At one point you had a video and audio recording of the sale of the Vehicle.

    **Response**: Object, in that this request is vague and ambiguous with respect to "sale" of Vehicle.

13. You destroyed or deleted video and audio recording of the sale of the Vehicle.

    **Response**: Object to this Request, in that this Request is vague and ambiguous with respect to "sale" of vehicle.

14. You destroyed or deleted all video recordings in your possession, custody, or control, including by video surveillance camera, made at Brooklyn Chrysler Jeep Dodge Ram on February 21, 2021.

    **Response**: Deny, except admit that any video recordings made at the Dealership on February 21, 2021 would automatically delete after a period of time.

15. Plaintiff has never been to the Dealership.

    **Response**: Object to this Request, as Defendants cannot reasonably answer whether Plaintiff has ever been to the Dealership.

16. Plaintiff did not sign any documents related to the Vehicle or attempts to obtain financing of the vehicle.

    **Response**: Object to this Request as palpably improper, in that this Request goes to the heart of the issues to be decided in this Action.

17. With respect to the information it had obtained from consumer reporting agencies, ("CRAs") regarding Plaintiff, Chrysler is a "user" of credit information within the meaning of the FCRA at 15 U.S.C. Section 1681 et seq.

    **Response**: Object to this Request as a question of law to be decided by the Court.

18. With respect to information it has obtained from consumer reporting agencies (CRAs") regarding Plaintiff, SMG is a "user" of credit information within the meaning of the FCRA at 15 U.S.C. Section 1681 et seq .

    **Response**: Object to this Request as a question of law to be decided by the Court.

19. Mr. Schwebel established and executes the business structure, payment structure, and policies and procedures of the Dealership.

    **Response**: Admit.

20. Mr. Aranias had not authorized the Dealership or Chrysler Capital to obtain any of his consumer reports on or around February 21, 2021.

**Response**: Object to this Request for Admission, as there is no identification of "Consumer Reports" which is too vague and ambiguous for a response. Object to this Request as palpably improper, in that this Request goes to the heart of the issues to be decided in this Action.

21. Mr. Aranias played no role in the sale or financing of the Vehicle.

**Response**: Object to this Request as palpably improper, in that this Request goes to the heart of the issues to be decided in this Action.

22. Mr. Aranias was never at the Dealership for the sale and financing of the Vehicle.

**Response**: Object to this Request as palpably improper, in that this Request goes to the heart of the issues to be decided in this Action.

23. Mr. Aranias did not sign any document related to the sale or never at the Dealership for the sale or financing (or attempted financing) of the Vehicle. Mr. Aranias was never at the Dealership for the sale or financing (or attempted financing) of the Vehicle.

**Response:** Defendants object to this question as too vague and ambiguous to respond. Object to this Request as palpably improper, in that this Request goes to the heart of the issues to be decided in this Action.

**PLEASE TAKE FURTHER NOTICE** that Defendants reserve the right to amend and/or

supplement this disclosure at a future time as new information becomes available.

Dated: Jericho, New York
      April 18, 2023

                Yours, etc.,

                Scott H. Mandel

                _____

                Scott H. Mandel
                *Attorney for Defendants (except Tiffany Lev)*
                333 Jericho Turnpike, Ste. 200
                Jericho, NY, 11753
                Tel: (516) 280-8580
                smandel@labontelawgroup.com

TO:

Ahmad Keshavarz
Attorney for Plaintiff
The Law Office of Ahmad Keshavarz
16 Court Street, #2600
Brooklyn, NY 11241
718-522-7900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

ELIYAHU ARANIAS

                               **VERIFICATION OF RESPONSES TO
                               PLAINTIFF'S INTERROGATORIES**

                    Plaintiff,

            -against-

                              Case. No. 1:22-CV-04510-BMC-PK

SMG AUTOMOTIVE HOLDINGS LLC d/b/a
BROOKYLN CHRYSLER JEEP DODGE RAM,
ZACHARY SCHWEBEL,
CHRYSLER CAPITAL LLC, and
JOHN DOES 1-6,

                       Defendants.
--------------------------------------------------------------X

       I am authorized to make this verification, I have read the foregoing response to PLAINTIFF'S

FIRST SET OF INTERROGATORIES, and I believe, based on reasonable inquiry, that the foregoing

answers are true and correct to the best of my knowledge.

       I declare under penalty of perjury under the laws of the United States that the foregoing is true

and correct.

       Executed on April 17, 2023

                             Signature: _____

                             Name: _Zachary Schwebel_

                             Title: _Dealer Principal_

                             Date: _4/17/2023_