# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

October 24, 2023

**VIA ECF**  
Magistrate Judge Peggy Kuo  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

>    Re:   **Motion to Extend Close of Discovery from October 26 to December 26, 2023, and Supplemental Reply in Support of Letter Motion for Order to Show Cause as to Why Defendants Should Not Be Sanctioned for Failure to Comply with Discovery Orders, and in the Alternative Motion to Compel Items Previously Agreed to in Stipulation.**
>
>    *Aranias v. SMG Automotive Holdings LLC, et al.,* **Case 1:22-cv-04510-BMC**

Dear Judge Kuo:

Plaintiff submits this letter 1) to enlarge the time to complete discovery from October 26 to December 26) and 2) to supplement his application for an Order to Show Cause as to why Defendants should not be sanctioned as detailed below for their failure to comply with the Orders of this Court as to discovery, or to the extent deemed necessary by the Court, to compel the discovery items previously agreed to. Specifically, Plaintiff wishes to bring to the attention of this Court just how derelict Defendants have been in complying with discovery beyond the issues raised in Plaintiff's September 18, 2023 application.

Most of the issues addressed in this letter only came to Plaintiff's attention via the October 10-11, 2023 deposition of Defendant Zachary Schwebel. While Plaintiff has attempted to quickly follow up on these items, particularly with subpoenas to previously unidentified third parties with relevant knowledge, Plaintiff has been prejudiced by Defendants' dilatory conduct since the current fact discovery deadline is October 26, 2023 and mediation is set in this matter for November 2, 2023.

Thus Plaintiff requests that the Court sanction or otherwise compel Defendants to produce outstanding documents and information before the November 2, 2023 mediation. Additionally, due to the extent of Defendants' noncompliance, Plaintiff has been prejudiced in being able to timely propound subpoenas to previously-unknown third parties with relevant knowledge, and thus requests that the deadline for discovery be extended from October 26, 2023 to December 26, 2023.

   1. **Email from Defendant Tiffany Lev to Defendant Zachary Schwebel Describing Her Version of Events.**

Most shockingly, Defendant Zachary Schwebel disclosed for the first time on October 10, 2023 that he had received an email from Defendant Tiffany Lev that (1) stated the New York

Police Department had spoken with Ms. Lev, (2) "she did nothing wrong," and (3) "It was somebody else at the dealership [who committed the identity theft]." This email is particularly important to this case as Defendant Tiffany Lev has thus far avoided service, and Defendants have gone to great lengths to pin the blame for their illegal conduct on Tiffany Lev.

And the clarity of a contemporary written account would be particularly useful when Mr. Schwebel claims that Tiffany Lev abandoned her job whereas the other Defendants testified that she was fired (though even they disagreed as to what was the basis of her being fired). Defendants should not be able to muddy the waters around Tiffany Lev by withholding what may be the only contemporaneous account by a firsthand witness of what happened the day the Vehicle was sold and financed in Eliyahu Aranias' name without his authorization.

Even now, Defendants have not produced this email that is clearly relevant and may contain first-hand witness knowledge as to who made the unauthorized applications for financing in the name of Eliyahu Aranias.

### 2. Admission of Failure to Search for Responsive Communications.

Correspondingly, when Defendant Zachary Schwebel was asked why the aforementioned email from Tiffany Lev had not been produced, he stated that he did not know. Additionally, despite being the 30(b)(6) representative for the Dealership and discovery answers being one of the 30(b)(6) topics (**Exhibit A**, Topic #2), Schwebel either could not provide any details of what searches were done or worse simply stated that the searches had not been done. In fact, every witness deposed by Plaintiff stated that they had not conducted a search for responsive emails, texts or other communications. Indeed, Employee Defendant Jimmy Calle testified (deposition pp. 14, 150) he did not even know he was sued until the evening before his deposition of September 28, and never authorized any attorney to file an answer on his behalf.

Despite their representations to the contrary in filings in opposition to Plaintiff's application, Defendants have apparently not conducted searches for communications, including emails, text messages, and Microsoft Teams messages,[1] that would be responsive to the prior discovery order by this Court and to Plaintiff's discovery requests generally. In addition to the email from Tiffany Lev noted above, Mr. Schwebel also disclosed the existence of text messages where he first received notice of the identity theft against Mr. Aranias. And these were just the communications that Mr. Schwebel recalled off the top of his head from memory for himself personally – who knows how many other communications from the Defendants relevant to this case have not been produced because of this failure to conduct basic searches.

Defendants have continued to not produce responsive emails in their native format so Plaintiff can examine the metadata and any attachments, including but not limited to the emails that have been produced by Defendants in pdf. Instead, Defendants produced the emails as forwarded from one employee (Bridget Collins) to another employee (Kim Costa), making it impossible to obtain the metadata for the photos inserted into the email of Plaintiff's driver's license. While not the sole reason for Plaintiff's request for the emails in the native format, determining where these pictures of the driver's license originated from was one of the most important reasons for the request. Document SMG078 is one page of a two page email dated

---

[1] Former general manager James Alescyk testified (p. 66, 67) that the Dealership uses Microsoft Teams as a "messaging app" or "group chat" to communicate among employees throughout the day, to exchange information related to customers and car sales. Importantly, those records are stored and can be searched.

April 9, 2021, and the missing page has not been produced in a hard or electronic copy, despite many requests.

### 3. Identification of Third-Party Video Recording Company.

Throughout the discovery period of this case, Plaintiff has attempted to obtain more information regarding the alleged video recordings that existed of the identity theft to investigate Defendants' claim that the recordings had been deleted per a routine regular procedure of deleting video recordings after 45 days. It was only during the deposition of Zachary Schwebel that Plaintiff finally learned that video recordings are apparently made and maintained by a third party, Monitex Security Inc. Suddenly it is clear why Defendants have not produced more information regarding the alleged deletion of video – that information is in the possession of a third party who they have knowingly kept from Plaintiff while running out the discovery clock.

### 4. Additional Documents Identified in Depositions.

In addition to the above-listed documents, Plaintiff learned through the depositions of other Defendants about a number of responsive documents that still have not been produced:

i. A "preliminary buyer's order" testified to by former finance manager Tafawa Lee (p. 76);
ii. All screens from the software "Reynolds Ignite" regarding the sale and financing of the Vehicle, including the documents which would show the commission each employee made from the sale (Tafawa Lee deposition, pp. 12-14) (Notably, Defendants have, self-servingly, only produced documents showing the commission of Defendant Tiffany Lev, the person they are attempting to scapegoat for the entirety of their illegal conduct);
iii. A draft of the retail installment contract, testified to by the finance manager for the transaction Defendant Bryant Quintana (p. 165), which also electronically saved (*Id.*);
iv. Documents sufficient to show the payroll records of Defendant Tafawa Lee in 2021 – Defendant Zachary Schwebel shockingly disputed documents that the Defendants themselves produced to show when Mr. Lee was on paternity leave, so the only way to cut through the ambiguity and determine where Mr. Lee was the relevant dates where his Dealertrack account was used to commit the fraud is to obtain the payroll records that will definitively show when he was on leave and when he ceased to work at the Dealership;
v. The excel spreadsheet testified to by Jimmy Calle (pp. 58, 59) that logs each person at the dealership involved in the sale;

## CONCLUSION

Despite these stumbling blocks erected by Defendants, Plaintiff has still in good faith proceeded with his confidential mediation statement in preparation for the November 2, 2023 mediation. But, whether by negligence or improper gamesmanship, Defendants have obtained an unfair advantage by keeping Plaintiff in the dark about key documents and relevant information. Plaintiff requests that the prejudice against him be remedied by this Court immediately ordering Defendants to produce by October 27, 2023 all the documents sought in Plaintiff's September 18, 2023 motion. Additionally, due to the extent of Defendants' noncompliance, Plaintiff has been prejudiced in being able to timely propound subpoenas to previously-unknown third parties

with relevant knowledge, and thus requests that the deadline for discovery be extended from October 26, 2023 to December 26, 2023.

Respectfully,

/s/

Ahmad Keshavarz